AO 106 (Rev. 04/10) Application for a Search Warrant (Modified WAWD 10-26-18)

# UNITED STATES DISTRICT COURT
for the
Western District of Washington

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*
Information associated with john.w.alderson@outlook.com stored at premises controlled by Microsoft Corp.

)
)
) Case No. MJ19-028
)
)
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A-1, incorporated herein by reference.

located in the  Northern  District of  California , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B-1, incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 18, U.S.C., Sections 1343, 1344, and 1028A | Bank fraud, wire fraud, aggravated identity theft |

The application is based on these facts:

✓ See Affidavit of SA Milas Howe, continued on the attached sheet.

☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Pursuant to Fed. R. Crim. P. 4.1, this warrant is presented: ☑ by reliable electronic means; or: ☐ telephonically recorded.

*Applicant's signature*

Milas Howe, Special Agent
*Printed name and title*

○ The foregoing affidavit was sworn to before me and signed in my presence, or
⦿ The above-named agent provided a sworn statement attesting to the truth of the foregoing affidavit by telephone.

Date: 1/18/19

*Judge's signature*

Brian A. Tsuchida, Chief United States Magistrate Judge
*Printed name and title*

City and state: Seattle, Washington

USAO: xx

# AFFIDAVIT

STATE OF WASHINGTON  )
                     )  ss
COUNTY OF KING       )

I, Milas Howe, being first duly sworn, depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the Federal Bureau of Investigation (FBI), assigned to the White Collar Crime Squad of the Seattle, Washington Headquarters Field Office. I have worked with the FBI since May 2017. I am responsible for investigating violations of federal statutes governing various types of white collar crime, including wire fraud, mail fraud, bank fraud, securities fraud, money laundering, and theft of government and public money. Prior to working for the FBI, I spent over ten years in the accounting industry working as both an internal and external auditor. I am a licensed Certified Public Accountant, Certified Fraud Examiner, and Certified Information Systems Auditor.

2. The facts set forth in this Affidavit are based on my own personal knowledge; knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers; review of documents and records related to this investigation; communications with others who have personal knowledge of the events and circumstances described herein; and information gained through my training and experience.

3. This affidavit does not detail each and every fact and circumstance I or others have learned during the course of this investigation. Furthermore, the investigation is ongoing, including the gathering and analysis of records. I have set forth only the facts that I believe are necessary to establish probable cause to believe that evidence, fruits and instrumentalities of Wire Fraud, in violation of Title 18, United

AFFIDAVIT OF SA MILAS HOWE
USAO #2018R001185

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

States Code, Section 1343, Bank Fraud, in violation of Title 18, United States Code, Section 1344, and Aggravated Identity Theft, Title 18, United States Code, Section 1028A, will be found on the SUBJECT EMAIL ACCOUNTS.

## SUMMARY OF THE FRAUDULENT SCHEME

4. The target of this investigation is JOHN WILLIAM ALDERSON, who has a 2003 conviction for fraud in this District. The investigation has shown that, beginning in approximately 2014, ALDERSON devised and executed a scheme to defraud Austin McNamee. ALDERSON befriended McNamee and eventually became his romantic partner, giving ALDERSON access to McNamee's personal information. ALDERSON then fraudulently opened several credit cards in McNamee's name and ran up over $100,000 in charges on those cards. ALDERSON also stole funds from an investment account belonging to McNamee. ALDERSON used email to further his fraud by (among other things) creating an email account in McNamee's name, and by sending fraudulent emails to McNamee.

## PLACES TO BE SEARCHED AND ITEMS TO BE SEIZED

5. This affidavit is being submitted in support of an application for warrants authorizing the search of the following email accounts (collectively referred to as the "SUBJECT EMAIL ACCOUNTS":

    a.    armcnamee98022@gmail.com

    b.    alderson509@gmail.com

    c.    john.w.alderson@outlook.com, and

    d.    alderson98022@gmail.com.

6. The information associated with the armcnamee98022@gmail.com, alderson509@gmail.com, and alderson98022@gmail.com accounts is stored at premises owned, maintained, controlled, or operated by Google Incorporated, an e-mail provider headquartered at 1600 Amphitheatre Parkway, Mountain View, California, 94043, as further described in Attachment A, attached hereto and incorporated herein. The information associated with the john.w.alderson@outlook.com account is stored at

AFFIDAVIT OF SA MILAS HOWE
USAO #2018R001185

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

premises owned, maintained, controlled, or operated by Microsoft Corporation, an e-mail provider headquartered at 1 Microsoft Way, Redmond, Washington 98052, as further described in Attachment A-1, attached hereto and incorporated herein. Google and Microsoft are collectively referred to as "the Providers."

7. The information to be searched is described in the following paragraphs and in Attachments B and B-1. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require the Providers to disclose to the government copies of the information (including the content of communications) further described at Attachments B and B-1. Upon receipt of the information described in Section I of Attachments B and B-1, government-authorized persons will review that information to locate the items described in Section II of the Attachments.

## SUMMARY OF THE INVESTIGATION

8. I have interviewed McNamee as part of this investigation. A lawyer representing McNamee has provided various records, including a written statement by McNamee that recounts McNamee's relationship with JOHN WILLIAM ALDERSON and explains how ALDERSON stole his identity and defrauded him.

9. According to McNamee, he first met ALDERSON in October of 2014, after ALDERSON contacted him through an online dating service. McNamee and ALDERSON initially became friends, and later became romantic partners. ALDERSON moved into McNamee's Seattle home in the summer of 2015.

10. I have seen court records showing that ALDERSON was convicted of wire fraud and social security fraud in this District in case number CR03-246L. In that case, ALDERSON pled guilty and admitted to a variety of fraudulent schemes, including impersonating an art broker and defrauding dealers by purchasing art with non-sufficient funds checks. On November 7, 2003, ALDERSON was sentencing to 41 months of imprisonment. ALDERSON, an attorney, was also disbarred in 2003 for writing $21,550 in unauthorized checks from the account of a business run by his father and uncle.

AFFIDAVIT OF SA MILAS HOWE
USAO #2018R001185

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

ALDERSON stole the checks from his parents' home and signed his father's name to the checks. ALDERSON's father covered the loss to the business by paying $21,550 of his own money to the business. According to McNamee, ALDERSON did not tell McNamee about his conviction or his disbarment.

11. According to McNamee, when he was getting to know ALDERSON, ALDERSON lied to him about various things. ALDERSON presented himself as a wealthy person who needed nothing financially from McNamee, and in fact was eager to share his wealth with McNamee. From my training and experience, I know that con artists will often pose as wealthy people, in order to put their victims at ease and hide their true financial motives. This deception is often an integral part of a fraudulent scheme. Con artists will often also use deception and manipulation to gain the trust and affection of their intended victims, with the goal of inducing the victims to give the con artists access to their money, property, and personal and financial information.

12. According to McNamee, ALDERSON claimed that he had been sexually abused by a relative. ALDERSON claimed to have hired a lawyer, "Attorney A," who was negotiating a settlement of the abuse claims with a lawyer representing his relative, "Attorney B."

13. On January 28, 2015, ALDERSON (using the email account alderson509@gmail.com) forwarded emails to McNamee that purportedly came from ALDERSON's lawyer, Attorney A.[1] I have seen these emails. The emails showed Attorney A proposing a $345,000 settlement to Attorney B, the lawyer for ALDERSON's relative. On April 2, 2015, ALDERSON emailed McNamee (using the email address john.w.alderson@outlook.com) and claimed that he had "signed the settlement agreement today." As part of this same email, ALDERSON forwarded an email purportedly sent to him by Attorney A, in which Attorney A appeared to ask if ALDERSON had signed the settlement papers.

---

[1] I will refer to all of the unnamed attorneys as if they are men, regardless of their real gender.

AFFIDAVIT OF SA MILAS HOWE
USAO #2018R001185

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

14. My investigation has shown that the emails from and between Attorney A and Attorney B were forged. I have interviewed Attorney B. Attorney B did not remember ever dealing with Attorney A, or receiving an email from Attorney A. Attorney B said that he had never represented ALDERSON's relative in a sex assault matter – indeed, Attorney B said that he had never handled a sex assault case in his entire career as an attorney. Attorney B had done legal work for ALDERSON's family, which may be how ALDERSON came across his name.

15. ALDERSON also claimed that he wanted McNamee to have power of attorney, with full control of ALDERSON's finances and property, in case ALDERSON became ill. ALDERSON claimed to have suffered several bouts of cancer in the past. On August 27, 2015, ALDERSON (using the email address john.w.alderson@outlook.com) forwarded an email to McNamee. I have seen this email. The email (also dated August 27, 2015) was purportedly from "Attorney C," who worked at a prominent Seattle law firm, to ALDERSON. In the email, Attorney C said that Attorney C had prepared a draft power of attorney for ALDERSON at ALDERSON's request. Attorney C said that it had been "too long" since Attorney C and ALDERSON saw one another, and suggested having lunch the following week. Attached to the email from Attorney C was an unsigned durable power of attorney giving McNamee "full power and authority to manage and conduct" ALDERSON's affairs.

16. My investigation has shown that the August 27, 2015, email purportedly sent by Attorney C to ALDERSON was fraudulent. I interviewed Attorney C and showed him a copy of the August 27, 2015, email and attachment that he had purportedly sent. Attorney C said that he had not sent that email. Attorney C said that he did not know ALDERSON and had never represented ALDERSON. Attorney C said that the signature block on the email did not match the signature block used by Attorney C. Attorney C said that he had never drafted the power of attorney attached to the email, and that he would not have drafted a power of attorney in that format. Attorney C confirmed that, for many years, he had done legal work for an entity that employed McNamee.

AFFIDAVIT OF SA MILAS HOWE
USAO #2018R001185

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

From my investigation, I know that ALDERSON briefly worked (or contracted with) that same entity, which may be how ALDERSON came across Attorney C's name.

17. According to McNamee, after gaining McNamee's trust and affection – as well as access to McNamee's personal identifying information – ALDERSON stole McNamee's identity and used it to open several credit cards. According to McNamee, in 2016 and 2017, ALDERSON opened multiple credit cards using McNamee's name or personal information, and ran up charges of over $100,000 on those cards. According to McNamee, ALDERSON created an email account in McNamee's name -- armcnamee98022@gmail.com – and used that account to communicate with credit card vendors. McNamee claimed that he did not know that ALDERSON had opened these credit cards using his name or personal information.

18. According to McNamee, he learned that ALDERSON had stolen his identity in April of 2017. At that time, two of McNamee's friends – N.D. and A.F. – told McNamee about ALDERSON's prior conviction. ALDERSON had sued A.F. in a dispute over a business that ALDERSON and A.F. were involved in. ALDERSON had obtained a default judgment against A.F in King County Superior Court. According to A.F., the default judgment had been obtained by fraud, as ALDERSON or his representatives had filed one or more false documents with the court claiming that A.F. had been served with a pleading, when in fact A.F. had not been served. After A.F. proved that the certificate of service was fraudulent, the court vacated the default judgment.

19. According to McNamee, after he learned about ALDERSON's history, he searched ALDERSON's wallet while ALDERSON slept. McNamee found multiple credit cards in McNamee's name. McNamee said that he had not known about these credit cards.

AFFIDAVIT OF SA MILAS HOWE
USAO #2018R001185

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

20. I have obtained records for a US Bank credit card with an account number ending in -8960 (later changed to -6488).[2] US Bank is a financial institution as defined in Title 18, United States Code, Section 20. McNamee has identified this as one of the accounts that ALDERSON fraudulently opened in his name, incurring over $3,000 in charges. The records show that the application for the credit card was submitted over the internet on December 19, 2016, in McNamee's name. The email address on the application was armcnamee98022@gmail.com and the phone number was 360-367-1724. That same phone number is listed as ALDERSON's phone number on a copy of his resume provided to investigators by McNamee. After learning of the card's existence, McNamee contacted US Bank to report that the card had been opened fraudulently. On May 18, 2017, a US Bank fraud investigator wrote to McNamee to confirm that the bank had completed its identity theft investigation and would not hold McNamee liable for any charges or fees.

21. Records for the -8960 account show a charge on April 10, 2017, for $2,161.89 at the Center of Plastic Surgery in Bellevue, Washington. According to US Bank, the transaction originated in the merchant state of Washington, was transmitted to Visa located in California, and then returned to Washington.

22. According to McNamee, ALDERSON also fraudulently transferred money out of McNamee's investment account by gaining access to the account and changing the contact information to ALDERSON's own information.

23. I have also seen an invoice sent to McNamee and his employer from Bonham's, a London, England business. The invoice, dated May 2, 2017, was for a March 14, 2017, transaction in the amount of £3,640 British Pounds. As with the Capital One application, the email address on the invoice was armcnamee98022@gmail.com and the phone number was 360-367-1724 (the phone number listed for ALDERSON on his resume). McNamee claims that he never made this purchase, and that it was a fraudulent

---

[2] I am continuing to obtain and review financial records.

AFFIDAVIT OF SA MILAS HOWE
USAO #2018R001185

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

transaction committed by ALDERSON. Attorneys representing McNamee's employer disputed the charge with Bonham's, and I have seen correspondence reflecting that Bonham's cancelled the transaction.

24. According to McNamee, ALDERSON also used the alderson98022@gmail.com email address in furtherance of the fraud. McNamee identified a Bank of America (Alaska Airlines) Visa card ending in -6032 that ALDERSON fraudulently obtained by applying for it in McNamee's name on January 12, 2017. According to McNamee, ALDERSON ran up at least $19,000 in charges on this credit card. I have seen correspondence from Bank of America stating that it would not hold McNamee responsible for the charges on account of fraud. According to McNamee, ALDERSON used the alderson98022@gmail.com for this account. McNamee has provided investigators with a photograph he took of ALDERSON's cell phone (after McNamee learned of ALDERSON's scheme) showing a January 31, 2017, email from Bank of America to alderson98022@gmail.com regarding the -6032 account. According to McNamee he also found evidence that ALDERSON has used the alderson98022@gmail.com to fraudulently apply for a credit card in ALDERSON's father's name.

25. My investigation has uncovered evidence showing that, besides the fraudulent credit cards in McNamee's name, ALDERSON was committing many other frauds, such as: falsely reporting that airlines had lost valuables in his luggage, falsely disputing credit card purchases as "fraudulent" when in fact ALDERSON made the purchases, and refusing to pay for purchases that ALDERSON made for vendors by falsely claiming identity theft. The evidence suggests that ALDERSON may have been defrauding antique and art dealers, similar to the fraud he was convicted for in 2003. ALDERSON is also pending trial in King County Superior Court for retail theft from his employer. I have seen a written statement ALDERSON made to the Seattle Police Department in that case on December 9, 2017, in which he admits to doing "14 fraud[ulent] returns for $18,291."

AFFIDAVIT OF SA MILAS HOWE
USAO #2018R001185

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## PROBABLE CAUSE REGARDING THE SUBJECT EMAIL ACCOUNTS

26. As set forth above, there is probable cause to believe that evidence of the offenses of wire fraud, bank fraud, and identity theft may be found in the SUBJECT EMAIL ACCOUNTS. The fraudulent scheme, by its nature, relied heavily upon email. I know, from my training and experience, that people involved in fraud often use email in various ways to further their schemes, including but not limited to email communications between schemers, and transmission of false or misleading information to victims.

## BACKGROUND REGARDING THE PROVIDERS' SERVICES

27. In my training and experience, I have learned that the Providers provides a variety of on-line services, including electronic mail ("e-mail") access, to the general public.

28. Subscribers obtain an account by registering with the Providers. When doing so, e-mail providers like the Providers ask the subscriber to provide certain personal identifying information. This information can include the subscriber's full name, physical address, telephone numbers and other identifiers, alternative e-mail addresses, and, for paying subscribers, means and source of payment (including any credit or bank account number). In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users, and to help establish who has dominion and control over the account.

29. E-mail providers typically retain certain transactional information about the creation and use of each account on their systems. This information can include the date on which the account was created, the length of service, records of log-in (i.e., session) times and durations, the types of service utilized, the status of the account (including whether the account is inactive or closed), the methods used to connect to the account (such as logging into the account via a Provider's website), and other log files that reflect

AFFIDAVIT OF SA MILAS HOWE
USAO #2018R001185

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

usage of the account. In addition, e-mail providers often have records of the Internet Protocol address ("IP address") used to register the account and the IP addresses associated with particular logins to the account. Because every device that connects to the Internet must use an IP address, IP address information can help to identify which computers or other devices were used to access the e-mail account, which can help establish the individual or individuals who had dominion and control over the account

30. In general, an e-mail that is sent to the Providers' subscribers is stored in the subscriber's "mail box" on the Providers' servers until the subscriber deletes the e-mail. If the subscriber does not delete the message, the message can remain on the Providers' servers indefinitely. Even if the subscriber deletes the e-mail, it may continue to be available on the Providers' servers for a certain period of time.

31. When the subscriber sends an e-mail, it is initiated at the user's computer, transferred via the Internet to the Providers' servers, and then transmitted to its end destination. The Providers often maintains a copy of the e-mail sent. Unless the sender of the e-mail specifically deletes the e-mail from the Providers' server, the e-mail can remain on the system indefinitely. Even if the sender deletes the e-mail, it may continue to be available on the Providers' servers for a certain period of time.

32. A sent or received e-mail typically includes the content of the message, source and destination addresses, the date and time at which the e-mail was sent, and the size and length of the e-mail. If an e-mail user writes a draft message but does not send it, that message may also be saved by the Providers but may not include all of these categories of data.

33. In some cases, e-mail account users will communicate directly with an e-mail service provider about issues relating to the account, such as technical problems, billing inquiries, or complaints from other users. E-mail providers typically retain records about such communications, including records of contacts between the user and the provider's support services, as well records of any actions taken by the provider or user as a result of the communications. In my training and experience, such information

AFFIDAVIT OF SA MILAS HOWE
USAO #2018R001185

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.

## PAST EFFORTS TO OBTAIN THIS EVIDENCE

34. This evidence has not been previously available to me or other agents, apart from subscriber information records.

## PROTOCOL FOR SORTING SEIZABLE ELECTRONICALLY STORED INFORMATION

35. In order to ensure that agents are limited in their search only to the e-mail account specifically sought (and any attachments, stored instant messages, stored voice messages, and photographs associated therewith); in order to protect the privacy interests of other third parties who have accounts at the Providers; and in order to minimize disruptions to normal business operations of the Providers; this application seeks authorization to permit agents and employees of the Providers to assist in the execution of the warrants, as follows: (See: Title 18, United States Code, Section 2703(g)).

36. The search warrants will be presented to the Providers, with direction that they identify and isolate the e-mail accounts and associated records described in Section I of Attachments B and B-1.

37. The Providers will also be directed to create an exact duplicate in electronic form of the e-mail accounts and records specified in Section I of Attachments B and B-1, including an exact duplicate of the content of all e-mail messages stored in the specified e-mail account.

38. The Providers shall then provide exact digital copies of the content of the subject e-mail accounts, as well as all other records associated with the account, to me, or to any other agent of the FBI. Once the digital copies have been received from the Providers, that copy will, in turn, be forensically imaged and only that image will be reviewed and analyzed to identify communications and other data subject to seizure pursuant to Section II of Attachments B and B-1. The original digital copies will be sealed and maintained to establish authenticity, if necessary.

AFFIDAVIT OF SA MILAS HOWE
USAO #2018R001185

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

39. I, and/or other agents of the FBI will thereafter review the forensic images, and identify from among that content those items that come within the items identified in Section II to Attachments B and B-1, for seizure. I, and/or other agents of the FBI will then copy those items identified for seizure to separate media for future use in the investigation and prosecution. The forensic copy of the complete content of the e-mail accounts will also then be sealed and retained by the FBI, and will not be unsealed absent authorization of a Magistrate Judge of this Court, except for the purpose of duplication of the entire image in order to provide it, as discovery, to a charged defendant.

40. Analyzing the data contained in the forensic image may require special technical skills, equipment, and software. It could also be very time-consuming. Searching by keywords, for example, can yield thousands of "hits," each of which must then be reviewed in context by the examiner to determine whether the data is within the scope of the warrant. Merely finding a relevant "hit" does not end the review process. Keywords used originally need to be modified continuously, based on interim results. Certain file formats, moreover, do not lend themselves to keyword searches, as keywords search text, and many common electronic mail, database, and spreadsheet applications, (which may be attached to e-mail,) do not store data as searchable text. The data is saved, instead, in proprietary non-text format. And, as the volume of storage allotted by service providers increases, the time it takes to properly analyze recovered data increases, as well. Consistent with the foregoing, searching the recovered data for the information subject to seizure pursuant to this warrant may require a range of data analysis techniques and may take weeks or even months.

41. Based upon my experience and training, and the experience and training of other agents with whom I have communicated, it is necessary to review and seize all electronic mails, chat logs and documents, that identify any users of the subject account and any electronic mails sent or received in temporal proximity to incriminating e-mails that provide context to the incriminating communications.

AFFIDAVIT OF SA MILAS HOWE
USAO #2018R001185

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

42. All forensic analysis of the image data will employ only those search protocols and methodologies reasonably designed to identify and seize the items identified in Section II of Attachments B and B-1 to the warrant.

43. Records and files that could otherwise be obtained by subpoena shall remain available, in their entirety, to investigating agents and prosecutors for the duration of the investigation and prosecution. These include the name and address of the subscriber to or customer of the service; local and long distance telephone connection records; records of session times and durations; length of service and types of services utilized; telephone or instrument number or other subscriber number or identity, including any temporarily assigned network address; and means and source of payment, including any credit card and bank account numbers.

44. If in the course of their efforts to identify and segregate evidence of the items specified in Section II to Attachments B and B-1, law enforcement agents or analysts discover items outside of the scope of the warrant that are evidence of other crimes, that data/evidence will not be used in any way unless it is first presented to a Magistrate Judge of this District and a new warrant is obtained to seize that data, and/or to search for other evidence related to it. In the event a new warrant is authorized, the government may make use of the data then seized in any lawful manner.

**REQUEST FOR NON-DISCLOSURE AND SEALING**

45. The government requests, pursuant to the preclusion of notice provisions of Title 18, United States Code, Section 2705(b), that the Providers be ordered not to notify any person (including the subscriber or customer to which the materials relate) of the existence of this warrant for such period as the Court deems appropriate. The government submits that such an order is justified because notification of the existence of this Order would seriously jeopardize the ongoing investigation. Such a disclosure would give the subscriber an opportunity to destroy evidence, change patterns of behavior, notify confederates, or flee or continue his flight from prosecution.

AFFIDAVIT OF SA MILAS HOWE
USAO #2018R001185

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  46. It is further respectfully requested that this Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the application and search warrant. This is an ongoing investigation, and the targets do not know the details of what investigators have learned and what evidence has been gathered. Premature disclosure of the contents of this affidavit and related documents may have a significant and negative impact on the continuing investigation and may severely jeopardize its effectiveness by resulting in the flight of targets, the destruction of evidence, or the intimidation or influencing of witnesses.

## CONCLUSION

47. Based on the forgoing, I request that the Court issue the proposed search warrant. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that has jurisdiction over the offense being investigated," per 18 U.S.C. § 2711(3)(A)(i). Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant. Accordingly, by this Affidavit and Warrant I seek authority for the government to search all of the items specified in Section I, Attachments B and B-1 (attached hereto and incorporated by reference herein) to the Warrant, and specifically to seize all of the data, documents and records that are

//
//
//
//
//
//
//
//

AFFIDAVIT OF SA MILAS HOWE
USAO #2018R001185

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

identified in Section II to those same Attachments.

_____
MILAS HOWE
Special Agent,
Federal Bureau of Investigation

The above-named agent provided a sworn statement attesting to the truth of the contents of the foregoing affidavit on the __18__ day of __Jan__, 2019.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

AFFIDAVIT OF SA MILAS HOWE
USAO #2018R001185

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## ATTACHMENT A-1

### Account to be Searched

This warrant applies to information associated with the email account john.w.alderson@outlook.com that is stored at premises owned, maintained, controlled, or operated by Microsoft Corporation, an e-mail provider headquartered at 1 Microsoft Way, Redmond, Washington 98052.

AFFIDAVIT OF SA MILAS HOWE
USAO #2018R001185

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

# ATTACHMENT B-1

## I. Section I - Information to be disclosed by Microsoft Corporation, for search:

To the extent that the information described in Attachment A-1 is within the possession, custody, or control of Microsoft Corporation ("Microsoft"), including any e-mails, records, files, logs, or information that has been deleted but is still available to Microsoft, Microsoft is required to disclose the following information to the government for each account or identifier listed in Attachment A-1:

b.  The contents of all e-mails associated with the account, including stored or preserved copies of e-mails sent to and from the account, draft e-mails, the source and destination addresses associated with each e-mail, the date and time at which each e-mail was sent, and the size and length of each e-mail;

c.  All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative e-mail addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

d.  The types of service utilized;

e.  All records pertaining to communications between Microsoft and any person regarding the account, including contacts with support services and records of actions taken.

f.  All records or other information stored at any time by an individual using the account, including address books, contact and buddy lists, calendar data, pictures, and files;

g.  All subscriber records associated with the specified account including lists of all related accounts, any contact lists, and content and/or preserved data.

AFFIDAVIT OF SA MILAS HOWE
USAO #2018R001185

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**II. Section II - Information to be seized by the government**

All information described above in Section I that constitutes fruits, contraband, evidence and instrumentalities of violations of Bank Fraud, in violation of Title 18, United States Code, Section 1344, Wire Fraud, in violation of Title 18, United States Code, Section 1343, and Identity Theft, in violation of Title 21, United States Code, Section 1028A, including, for the account or identifier listed on Attachment A-1, information pertaining to the following matters:

  h. Communications or material related to Austin McNamee;

  b. Communications, or material related to credit cards, banks, or financial institutions;

  c. Communications or material related to purchases from vendors of good or services, including disputed purchases;

  d. Communications or material related to lost property in the care of airlines;

  f. Personal identifying information, including but not limited to Social Security numbers, dates of birth, account numbers, and passwords;

  g. All messages, documents, and profile information, attachments, or other data that serves to identify any persons who use or access the account specified, or who exercise in any way any dominion or control over the specified account;

  h. Any address lists or buddy/contact lists associated with the specified account;

  i. All messages, documents and profile information, attachments, or other data that otherwise constitutes evidence, fruits, or instrumentalities of violations of Bank Fraud, in violation of Title 18, United States Code, Section 1344, Wire Fraud, in violation of Title 18, United States Code, Section 1343, and Identity Theft, in violation of Title 21, United States Code, Section 1028A.

AFFIDAVIT OF SA MILAS HOWE
USAO #2018R001185

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

j.  All subscriber records associated with the specified account, including name, address, local and long distance telephone connection records, or records of session times and durations, length of service (including start date) and types of service utilized, telephone or instrument number or other subscriber number or identity, including any temporarily assigned network address, and means and source of payment for such service) including any credit card or bank account number;

k.  All log records, including IP address captures, associated with the specified account; and

l.  Any records of communications between the email service provider, and any person about issues relating to the account, such as technical problems, billing inquiries, or complaints from other users about the specified account. This to include records of contacts between the subscriber and the provider's support services, as well as records of any actions taken by the provider or subscriber as a result of the communications.

AFFIDAVIT OF SA MILAS HOWE
USAO #2018R001185

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970